IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,          :

        Plaintiff,                 :

    v.                             :    Case No. 2:09-cr-278(2)

Dmitry Pani,                       :    JUDGE MARBLEY

        Defendant.                 :

                              ORDER

        The above defendant appeared before the Court on December
11, 2009 for a detention hearing.  The Court ordered him detained
without bond.  This order explains that decision.

        The defendant has been charged in an indictment with being
involved in a sham marriage scheme, the purpose of which was to
circumvent the immigration laws of the United States.  That
charge does not carry a presumption of detention.  The
government's request for detention was evaluated under the
following standard.

        Under 18 U.S.C. §3142(f), a detention hearing may be
held in a case involving, inter alia, a serious risk that the
person to be detained will obstruct or attempt to obstruct
justice, or threaten, injure, or intimidate, or attempt to
threaten, injure, or intimidate, a prospective witness or
juror.  Such a hearing may also be held if there is a serious
risk that the person sought to be detained will flee.  At the
hearing, it is the task of the presiding judicial officer to
determine whether any condition or combination of conditions
of release "will reasonably assure the appearance of the
person as required and the safety of any other person and the
community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id. If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The evidence presented at the detention hearing consisted of testimony from an agent of the Immigration and Customs Enforcement agency. Agent Kenneth Teich testified that Mr. Pani is not a United States citizen but a citizen of Estonia. Mr. Pani had apparently sought asylum in the United States but has

been subject to a removal order since 2006. ICE has been looking for him since then to effect his removal, but he has evaded apprehension. If he were released on bond, he would be immediately removed to Estonia notwithstanding the pendency of this case.

The issue here is risk of non-appearance. It seems that there is actually a virtual certainty of non-appearance due to the removal order in place. The only way to assure Mr. Pani's appearance at future court proceedings is to detain him without bond. Therefore, that is what the Court ordered.

The defendant was advised of his right to seek review of this detention order pursuant to 18 U.S.C. §3145(b).


                                   /s/ Terence P. Kemp
                                   United States Magistrate Judge